UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TALIA DAVIS, YUTASHIA GAMBLE, and PAMELA MIMS, on Behalf of Themselves and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE GREAT AMERICAN DREAM, INC. d/b/a PIN UPS, CARY ADAMS and JAMES W. LEE, SR. individually,<br><br>Defendants. | Case No. 1:20-cv-5272-SCJ |

**ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT**

This case involves claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, brought by Plaintiffs Talia Davis, Yutashia Gamble, Pamela Mims, Lena Harris, Tanesha Dedier, Kiara Sledge, and Telia Wright ("Plaintiffs") against Defendants The Great American Dream, Inc. d/b/a Pin Ups, Cary Adams, and James W. Lee, Sr. ("Defendants"). The Parties have reached an agreement to resolve all wage-and-hour claims in this case and seek the Court's approval of the settlement.

Following an examination of the pleadings and terms of the settlement agreement, the Court finds that a bona fide dispute of both law and fact is involved in this litigation, including, but not limited to, issues of liability, and the amount of unpaid wages due, if any. Having reviewed the terms of the settlement agreement agreed upon by the Parties, the Court finds that the settlement terms proposed by the Parties are fair and equitable to all involved and that their agreement is a fair and reasonable compromise of this bona fide dispute.

The Court finds that the Parties conducted an in-depth analyses of the potential compensation allegedly owed to Plaintiffs, and finds the settlement seeks to provide reasonable value for such unpaid wages given the dispute over the number of hours worked and remuneration owed to each Plaintiff and the risks of continued litigation.

The Court also finds that the attorneys' fees and costs to be paid by Defendants under the settlement agreement are fair and reasonable. Upon review of a lodestar cross-check to compare the fees to be paid under the settlement as weighed against the actual lodestar of hours worked and a reasonable hourly rate for such hours, the Court finds the lodestar cross-check to be within the reasonable range of attorney fee awards in similar cases.

Therefore, the Court approves the settlement and the Parties are hereby ordered to finalize the settlement through the exchange of consideration. Because

-3-

the Parties' agreement calls for a payment plan that extends multiple years, the Court orders that this case be administratively closed during the pendency of the payment plan and the Court shall retain jurisdiction over this matter to hear and adjudicate any enforcement action that may be necessary.

If and when the settlement is paid in full, the Plaintiffs are directed to submit a notice alerting the Court that the settlement has been funded and requesting an order dismissing the case with prejudice.

SO ORDERED this date of 12th day of   December  , 2022.


 s/Steve C. Jones
THE HONORABLE STEVE C. JONES
United States District Judge